# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER BARNETT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-CV-0456-CVE-FHM |
| TULSA COMMUNITY COLLEGE, and OKLAHOMA STATE REGENTS FOR HIGHER EDUCATION, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff Christopher Barnett's motion to remand and brief in support (Dkt. # 12). Plaintiff argues that the Court lacks subject matter jurisdiction because his consolidated state court actions do not allege claims arising under federal law. Id. at 1. Defendants respond that the Court has jurisdiction because plaintiff has claimed a violation of his First Amendment rights, thereby creating a federal question. Dkt. # 16, at 3.

## I.

Plaintiff filed three separate actions in the District Court of Tulsa County, asserting claims exclusively under the Oklahoma Open Records Act (OORA). Dkt. ## 1-5, 1-51, 1-79. The three actions were consolidated in state court in July 2018. Dkt. # 1-1, at 8-9. On August 14, 2018, plaintiff filed a motion for temporary injunction (Dkt. # 1-44), requesting that the court enjoin defendant's policy of charging fees for search requests and order defendants to release all records requested by plaintiff. Id. at 1. In support of his motion for temporary injunction, plaintiff argued that he would suffer irreparable harm absent injunctive relief, because defendants would continue to charge fees for public interest records requests, which in turn would "chill[] the exercise of

Plaintiff'[s] rights of press, speech, and expression under the U.S. and Oklahoma Constitutions." Id. at 7.

On September 4, 2018, defendants filed a notice of removal of the consolidated actions in this Court pursuant to 28 U.S.C. § 1331, arguing that plaintiff's August 14, 2018 filing alleged violations of his First Amendment rights. Dkt. # 1, at 2. In response, plaintiff filed a motion to remand (Dkt. # 12), arguing that removal was improper because the Court lacks subject matter jurisdiction because his claims are premised on injunctive relief only under the OORA. Id. at 6. He argues that he does not assert a violation of his First Amendment rights as a claim, and that his mere reference to the chilling effect of defendants' conduct on his First Amendment rights is not sufficient to confer jurisdiction. Id. at 4. Further, plaintiff argues that, even if such a reference could confer jurisdiction, defendants' removal would be untimely under the thirty-day requirement for removal because plaintiff had referenced his First Amendment rights in a filing on February 5, 2018. Id. at 4.

Defendants respond that the Court has jurisdiction because plaintiff's motion for temporary injunction effectively amended his petitions and created a federal question. Dkt. # 16, at 2-3. Specifically, defendants argue that plaintiff's motion for temporary injunction is a request for total relief, in conjunction with which plaintiff asserts a federal right and cites to specific rights under the U.S. Constitution. Id. at 1-2. Therefore, defendants argue that plaintiff has raised allegations of harm and theories of liability never previously asserted and, as a result, plaintiff has effectively amended his petitions. Id. at 2. Further, defendants argue that the February 5, 2018 filing is distinguishable from the motion for temporary injunction, because the February 5, 2018 does not seek final relief or cite to any federal right.

**II.**

Removal to federal court is proper when "a civil action includes a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)." 28 U.S.C. § 1441(c)(1). In deciding whether a case arises under federal law, the court must follow the well-pleaded complaint rule, "under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Removal statutes are construed narrowly and defendant bears the burden to prove the existence of federal subject matter jurisdiction. Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).[1]

Federal question jurisdiction under § 1331 exists when a plaintiff pleads "a cause of action created by federal law" or a "state law claim[] that implicate[s] significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Here, plaintiff has made clear that his claims are premised exclusively on state law, and there is no indication to the

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

3

contrary in his state court petitions. Moreover, the Court rejects defendants' argument that plaintiff effectively amended his petitions to include a federal question by referencing his First Amendment rights in his motion for temporary injunction. A petition filed in Oklahoma state court is not amended simply because a defendant deems it amended, nor is it amended simply by a plaintiff's reference to a constitutional right in a motion for temporary injunction. Rather, where, as here, responsive pleadings have already been served, "a party may amend his pleading only by leave of court or by written consent of the adverse party." OKLA. STAT. tit. 12, § 2015 (2017). Plaintiff, as the master of his claims, has made clear that he did not intend to amend his petitions by filing his motion for temporary injunction; in any case, plaintiff could not have made such an amendment because he did not obtain leave of court or defendants' written consent to do so. Therefore, the Court finds that plaintiff does not assert a cause of action created by federal law.

The Court also finds that plaintiff's state law claims do not implicate significant federal issues as to confer federal question jurisdiction under § 1331. "The 'substantial question' branch of federal question jurisdiction is exceedingly narrow–a 'special and small category' of cases." Gilmore v. Weatherford, 694 F.3d 1160, 1171 (10th Cir. 2012) (quoting Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 699 (2006)). The Tenth Circuit has stated that to establish federal question jurisdiction on this basis, the state law claim "(1) must necessarily raise a federal [issue] that is both (2) actually disputed and (3) substantial; and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities." Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1208 (10th Cir. 2012) (quoting Nicodemus v. Union Pacific Corp., 440 F.3d 1227, 1235 (10th Cir. 2006)). As an initial matter, the Court notes that defendant has not presented any arguments as to how this case would satisfy the

Tenth Circuit's four requirements for "substantial question" jurisdiction;[2] therefore, defendants have failed to satisfy their burden of establishing federal jurisdiction by a preponderance of the evidence. Dutcher v. Matheson, 733 F.3d 980, 984 (10th Cir. 2013). In any case, the Court finds that the case would not satisfy the narrow requirements for "substantial question" jurisdiction; plaintiff's claims are based exclusively on state law in both form and substance, and no element of his claim necessarily turns upon, or requires a court to construe, the Constitution. Cf. Gilmore, 694 F.3d at 1175-76 (holding federal-question jurisdiction was present where "plaintiffs have framed their state-law claim in such a fashion that they succeed only if they are correct that the defendants failed to meet federal requirements for [chat] removal"). Therefore, the Court finds that defendants have failed to establish that the case implicates significant federal issues as to confer federal question jurisdiction under § 1331.

Accordingly, the Court lack subject matter jurisdiction, and plaintiff's motion to remand should be granted.

---

[2] Instead of discussing the four requirements for substantial question jurisdiction, defendants argue that "[a] case should be dismissed for lack of a substantial federal question supporting federal question jurisdiction only when the federal question is '(1) wholly insubstantial or obviously frivolous, (2) foreclosed by prior cases which have settled the issue one way or another, or (3) so patently without merit as to require no meaningful consideration.'" Dkt. # 16, at 3 (quoting Nicodemus, 440 F.3d at 1236). However, referring to the same language from Nicodemus as quoted by defendant, the Tenth Circuit subsequently stated in Gilmore: "We recognize that Nicodemus, which this court decided a few weeks before the Supreme Court handed down Empire, contains sweeping language regarding substantiality which, in light of the latter decision, may no longer be good law." Gilmore, 694 F.3d at 1175 n.3. Because "this broad reading of substantial federal question jurisdiction doctrine was not necessary to the outcome of Nicodemus," the Tenth Circuit declined to rely on that language. Id. Thus, the Court finds that defendants' reliance on that language was improper.

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand (Dkt. # 12) is **granted**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to remand this action to the District Court of Tulsa County.

**DATED** this 3rd day of October, 2018.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE